1 PACIFIC TRIAL ATTORNEYS
  A Professional Corporation
2 Scott J. Ferrell, Bar No. 202091
  sferrell@pacifictrialattorneys.com
3 4100 Newport Place Drive, Ste. 800
  Newport Beach, CA 92660
4 Tel: (949) 706-6464
  Fax: (949) 706-6469
5
  Attorneys for Plaintiff
6

7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | JOSE LICEA, individually and on behalf of all others similarly situated, | Case No. 2:22-cv-6454
12 |
13 | Plaintiff, |
14 | v. | **CLASS ACTION COMPLAINT FOR VIOLATION OF PENAL CODE § 631**
15 | CIMAR, LLC, a Delaware limited liability company, and DOES 1 through 25, inclusive, |
16 |
17 | Defendants. |

## INTRODUCTION

**Defendant (1) covertly wiretaps the personal conversations of all visitors who utilize the chat feature at www.frontgate.com; and (2) shares the secret transcripts of those wiretaps with third parties that boast of their abilities to harvest personal data collected about consumers for sales and marketing purposes. Defendant neither informs visitors nor obtains their prior, express consent to these intrusions. As a result, Defendant has violated the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631.**

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is at least minimal diversity because at least one Plaintiff and Defendant are citizens of different states.

2. Pursuant to 28 U.S.C. Section 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District: Plaintiff is a citizen of California who resides in this District and Defendant conducted a substantial portion of the unlawful activity in this District.

3. Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendant and California. Defendant also does business with California residents.

## PARTIES

4. Plaintiff is a citizen of California.

5. Defendant is a Delaware limited liability company that owns, operates, and/or controls the above-referenced website.

6. The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants." The true names and capacities of the

Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

8. Plaintiff is informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9. Under the California Invasion of Privacy Act, website operators cannot create transcripts of visitors' conversations (or provide such transcripts to third parties) without obtaining prior, express consent from all parties to the conversation. Compliance with CIPA is easy, and the vast majority of companies comply with the law by simply notifying website visitors if their conversations are being recorded.

10. Unlike most companies, Defendant *ignores* CIPA's consumer protection requirements. Instead, without warning visitors or obtaining their consent, Defendant has secretly deployed wiretapping software used in connection with the chat feature on its Website. Using that software, Defendant covertly monitors, records, and creates secret transcripts of all communication through the chat feature on its website.

11. Going from bad to worse, Defendant has shared the secret transcripts with both eGain and Webex, third parties that publicly boast about their ability to help companies "harvest" highly personal data gathered about consumers using common collection methodologies.

12. Given the nature of Defendant's business, website visitors typically share highly sensitive personal data with Defendant when using the website chat feature.

Consumers would be shocked and appalled to know that Defendant secretly creates transcripts of those conversations and transmits them to and shares them with third parties.

13. Defendant's conduct is both illegal and offensive: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy, and (2) 75% of adults are unaware of the extent to which companies gather, store, and exploit their personal data. *See* https://archive.epic.org/privacy/survey/ (last downloaded September 2022).

14. Within the statute of limitations period, Plaintiff visited Defendant's Website and communicated with an employee of Defendant through the website chat feature. Unbeknownst to website visitors, Defendant creates exact transcripts of all such communications and shares the transcripts with the third parties identified above using secretly embedded wiretapping technology.

15. Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly monitoring, recording, and sharing their communications.

16. Defendant did not obtain Plaintiff's or the Class Members' consent to intercepting, monitoring, recording, and sharing the electronic communications with the Website.

17. Plaintiff and Class Members did not know at the time of the communications that Defendant was secretly intercepting, monitoring, recording, and sharing the electronic communications.

## CLASS ALLEGATIONS

18. Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons within California who: (1) visited Defendant's website, and (2) whose electronic communications were**

**recorded, stored, and/or shared by Defendant without prior express consent within the statute of limitations period.**

19. <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the number to be in the tens of thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

20. <u>COMMONALITY</u>: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

    a. Whether Defendant caused Plaintiff's and the Class's electronic communications with the Website to be recorded, intercepted and/or monitored;

    b. Whether Defendant violated CIPA based thereon;

    c. Whether Plaintiff and Class Members are entitled to statutory damages pursuant to Cal. Penal Code § 631(a);

    d. Whether Plaintiff and Class Members are entitled to punitive damages pursuant to Cal. Civil Code § 3294; and

    e. Whether Plaintiff and Class Members are entitled to injunctive relief.

21. <u>TYPICALITY</u>: As a person who visited Defendant's Website and whose electronic communication was recorded, intercepted and monitored, Plaintiff is asserting claims that are typical to the Class.

22. <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

23. <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is

impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## CAUSE OF ACTION

## Violations of the California Invasion of Privacy Act

## Cal. Penal Code § 631

24. Section 631(a) of California's Penal Code prohibits and imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section".

*25.* Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. ("Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' Cal. Penal Code § 631(a)." *Javier v. Assurance IQ, LLC*, 21-16351, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

26. The software employed by Defendant on its Website to record Plaintiff's and the Class's electronic communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

27. At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's website to be intercepted, recorded, stored, and transmitted to a third party.

28. At all relevant times, Defendant willfully, and without the consent of all parties to the communication, allowed the contents of electronic communications of visitors to its website to be accessed by third parties.

29. Plaintiff and Class Members did not consent to any of Defendant's actions in implementing wiretaps on its Website, nor did Plaintiff or Class Members consent to Defendant's intentional access, interception, recording, monitoring, reading, learning and collection of Plaintiff and Class Members' electronic communications with the Website.

30. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages of at least $2,500.00 per violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;
2. An order declaring Defendant's conduct violates CIPA;
3. An order of judgment in favor of Plaintiff and the Class and against Defendant on the cause of action asserted herein;
4. An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5. Statutory damages to Plaintiff and the Class pursuant to Cal. Penal Code § 631(a);

6. Punitive damages to Plaintiff and the Class pursuant to Cal. Civil Code § 3294;

7. Prejudgment interest;

8. Reasonable attorneys' fees and costs; and

9. All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated: September 9, 2022　　　　　PACIFIC TRIAL ATTORNEYS, APC

By: _____
Scott. J. Ferrell
Attorneys for Plaintiff