UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                    Date:  March 7, 2023
Title:      Jose Licea et al v. Cinmar, LLC

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

            Deputy Clerk:                         Court Reporter:
            Rita Sanchez                           Not Reported

            Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
            None Present                           None Present

**Proceedings (In Chambers):**   ORDER GRANTING MOTION TO DISMISS CASE
                                 [26]

        Before the Court is Defendant Cinmar, LLC's Motion to Dismiss Case ("the Motion"), filed on December 19, 2022.  (Docket No. 26).  The National Retail Federation filed an Amicus Curiae Brief ("NRF Amicus Brief") in support of the Motion on December 27, 2022.  (Docket No. 42).  The Retail Litigation Center filed an Amicus Curiae Brief ("RLC Amicus Brief") in support of the Motion on December 27, 2022.  (Docket No. 43).  Plaintiffs Jose Licea and Sonya Valenzuela filed an Opposition on January 17, 2023.  (Docket No. 49).  Defendant filed a Reply on January 24, 2023.  (Docket No. 50).

        The Court read and considered the papers on the Motion and held a hearing on February 13, 2023.

        The Court rules as follows:

- The Motion is **GRANTED** *with leave to amend* as to Plaintiffs' California Penal Code section 631 claim.  Plaintiffs' claim under the first clause of section 631(a) fails because the first clause does not apply to communications made through the computer functions of a smart phone or a Wi-Fi-enabled laptop.  Plaintiffs' claim under the second clause of section 631(a) fails because Plaintiffs' allegations suggest that Defendant is entitled to the party exemption and because Plaintiffs do not adequately allege that their conversations were intercepted in transit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                    Date:  March 7, 2023
Title:      Jose Licea et al v. Cinmar, LLC

- The Motion is **GRANTED** *without leave to amend* as to Plaintiffs' California Penal Code section 632.7 claim.  Plaintiffs' alleged communication through Defendant's website is not a communication over telephone technology covered by section 632.7.

- Defendant's Request for Judicial Notice and the RLC's Request for Judicial Notice are **DENIED** *as moot* as the Court did not rely on either in reaching its holding.

## I.    BACKGROUND

On September 9, 2022, Plaintiff Jose Licea filed a class action complaint on behalf of a putative statewide class, alleging violations the California Invasion of Privacy Act ("CIPA"). (Complaint (Docket No. 1) at 2).  On November 28, 2022, Plaintiffs filed a First Amended Complaint ("FAC") alleging that Defendant secretly wiretaps the private conversations of everyone who communicates through the chat feature at www.frontgate.com ("the Website") and pays a third party to intercept and eavesdrop on such communications in real time in order to harvest data from those conversations.  (FAC (Docket No. 19) at 2).

Plaintiffs allege that Defendant Cinmar, LLC is a Delaware corporation that owns, operates, and/or controls the Website.  (FAC ¶ 5).

Plaintiffs are consumer privacy advocates with dual motivations for initiating conversations with Defendant.  First, Plaintiffs alleged they are genuinely interested in learning more about the goods and services offered by Defendant.  Second, Plaintiffs allege that they are "testers" who work to ensure that companies abide by the privacy obligations imposed by California law.  (*Id.* ¶ 16).

Plaintiffs allege that Defendant "has paid substantial sums to at least one third party company to embed code into Defendant's website chat function that enables the third party to secretly intercept in real time, eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors."  (*Id.* ¶ 11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                    Date:  March 7, 2023
Title:       Jose Licea et al v. Cinmar, LLC

Plaintiff alleges that Defendant neither informs visitors of this conduct nor obtains
their consent.  (*Id.* ¶ 13).

Plaintiffs allege that they visited Defendant's Website using either a smart phone
or a Wi-Fi-enabled laptop that uses a combination of cellular and landline telephony.
(*Id.* ¶ 17).  Plaintiffs allege that they had brief conversations with Defendant about
Defendant's services and policies.  (*Id.*).  Plaintiffs allege that Defendant did not
inform Plaintiffs, or any of the Class Members, that Defendant was secretly recording
their communications or aiding, abetting, and paying third parties to eavesdrop on
them.  (*Id.* ¶ 18).

Plaintiffs seek relief on behalf of "All persons within California who within the
statute of limitations period:  (1) communicated with Defendant via the chat feature on
Defendant's Website using cellular or landline telephony, and (2) whose
communications were recorded and/or eavesdropped upon without prior consent."  (*Id.*
¶ 20).

Plaintiffs assert two causes of action for violations of the California Invasion of
Privacy Act ("CIPA") under California Penal Code sections 631 and 632.7.  (*Id.* ¶¶ 26–
37).  Plaintiffs pray for relief in the form of class certification, declaratory relief,
injunctive relief, statutory and punitive damages, prejudgment interest, and costs and
attorneys' fees.  (*Id.* at 8–9).

## II.    **LEGAL STANDARD**

In ruling on a motion under Rule 12(b)(6), the Court follows *Bell Atlantic v.
Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth
Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a
cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable
legal theory."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a
motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                    Date:  March 7, 2023
Title:       Jose Licea et al v. Cinmar, LLC

claim for relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting
*Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal
conclusions, even when disguised as facts.  *See id.* at 681 ("It is the conclusory nature
of respondent's allegations, rather than their extravagantly fanciful nature, that
disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus &
Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded
complaint may proceed even if it strikes a savvy judge that actual proof is improbable,'
plaintiffs must include sufficient 'factual enhancement' to cross 'the line between
possibility and plausibility.'"  *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550
U.S. at 556–57) (internal citations omitted).

       The Court must then determine whether, based on the allegations that remain
and all reasonable inferences that may be drawn therefrom, the complaint alleges a
plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen.
Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a
complaint states a plausible claim for relief is 'a context-specific task that requires the
reviewing court to draw on its judicial experience and common sense.'"  *Ebner v.
Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

## III.   **DISCUSSION**

### A.   **Standing**

       As an initial matter, a complaint must include "a short and plain statement of the
grounds for the court's jurisdiction...."  Fed. R. Civ. P. 8(a)(1).  "It is to be presumed
that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of
establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v.
Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Courts
have an independent obligation to determine whether subject-matter jurisdiction exists,
even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S.
500, 514 (2006).  "If the court determines at any time that it lacks subject-matter
jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. **CV 22-6454-MWF (JEM)**                    Date:  **March 7, 2023**
Title:       Jose Licea et al v. Cinmar, LLC

Article III of the Constitution requires courts to adjudicate only actual cases or controversies.  U.S. Const. art. III, § 2, cl. 1.  "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).  "Standing is determined by the facts that exist at the time the complaint is filed." *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001).  In order to establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, (1992)).  "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Environ. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000) (internal citations omitted).

### 1. Injury-in-fact

The National Retail Federation ("NRF") argues that Plaintiffs have failed to allege any injury sufficient to show Article III standing because they make no allegations as to any information exchanged through the website chat, including whether, how, and why that information was sensitive, or why Plaintiffs were injured by sending that information to the Defendant.  (NRF Amicus Brief at 2–3 (citing *Rahman v. Marriott Int'l, Inc.*, No. SA CV 20-00654-DOC-KES, 2021 WL 346421, at *2 (C.D. Cal. Jan. 12, 2021) ("information obtained lack[ed] the degree of sensitivity required by the Ninth Circuit to establish injury in fact"); *United States v. Heckenkamp*, 482 F.3d 1142, 1146 (9th Cir. 2007) ("A person's reasonable expectation of privacy may be diminished in transmissions over the Internet or e-mail that have already arrived at the recipient." (internal marks omitted)).

However, "violations of [p]laintiffs' statutory rights under CIPA, [even] without more, constitute injury in fact because instead of a bare technical violation of a statute, . . . a CIPA violation involves . . . a violation of privacy rights.' " *Osgood v. Main Street Mktg., LLC*, Case. No. 16-cv-2415-GPC (BGS), 2017 WL 131829, at *7 (S.D. Cal. Jan. 13, 2017) (internal citation omitted); *see also Raffin v. Medicredit, Inc.*, No.

---

**CIVIL MINUTES—GENERAL**                                                    5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                    Date:  March 7, 2023
Title:      Jose Licea et al v. Cinmar, LLC

15-cv-4912-GHK-PJW, 2016 WL 7743504, at *3 (C D. Cal. Dec. 19, 2016)
("Following *Spokeo*, district courts in the Ninth Circuit consistently have concluded that, to satisfy injury in fact, a plaintiff in a CIPA action need not allege actual harm beyond the invasion of the private right conferred by the statute."); *Matera v. Google Inc.*, Case No. 15-cv-04062-LHK, 2016 WL 5339806, at *11 (N.D. Cal. Sept. 23, 2016) (denying motion to dismiss holding that alleged violations of plaintiff's statutory rights under CIPA constitute concrete injury in fact under *Spokeo*).  Plaintiffs here allege that "Defendant did not inform Plaintiffs, or any of the Class Members, that Defendant was secretly recording their communications or aiding, abetting, and paying third parties to eavesdrop on them." (FAC ¶ 18).  This sufficiently alleges a CIPA claim.

### 2.  Fairly traceable

The NRF points out that any alleged harm stems from Plaintiffs' purported lack of knowledge that chat messages were being read and stored, rather than immediately deleted.  (NRF Amicus Brief at 3).  The NRF contends that because Defendant's websites have a privacy policy that discloses how it uses the data customers send to it, Plaintiffs either read the disclosures and suffered no injury or they deliberately avoided the privacy policy, in which case the alleged privacy harms were self-inflicted. (NRF Amicus Brief at 3 (citing *see also Mendia v. Garcia*, 768 F.3d 1009, 1013 n.1 (9th Cir. 2014) (self-inflicted injury cannot confer standing)).

However, the FAC alleges that Defendant's Privacy Policy was added to its chat function only after the present matter was filed.  (FAC at 2 n. 1).  Accordingly, the argument that Plaintiffs' injury is self-inflicted by their failure to read or decision to avoid a privacy policy is unavailing.  *Cf. Red v. Gen. Mills, Inc.*, No. 2:15-CV-02232-ODW(JPR), 2015 WL 9484398, at *5 (C.D. Cal. Dec. 29, 2015) (declining to recognize claim stemming from a plaintiff's failure to read and heed product labels).

Accordingly, the Court determines that Plaintiffs have established Article III standing.

_____
**CIVIL MINUTES—GENERAL**                                           **6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                          Date:  March 7, 2023
Title:      Jose Licea et al v. Cinmar, LLC

### B.    Statute of Limitations

The NRF also argues that Plaintiffs' claims are barred by California's statute of limitations.  (NRF Amicus Brief at 4–5 (citing Cal. Code Civ. Proc. § 340(a) (one-year statute of limitations for claims brought under the CIPA)).

The statute of limitations is an affirmative defense, Fed. R .Civ. P. 8(c), and complaints do not ordinarily need to allege the non-availability of affirmative defenses. *United States v. Northern Trust Co.,* 372 F.3d 886, 888 (7th Cir.2004).  Nonetheless, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint."  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (*quoting Huynli v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir.2006)).

It is premature to decide a statute of limitations defense because the FAC does not present a facial statute of limitations issue.  *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  It is not apparent from the face of the FAC that the alleged CIPA violation occurred over a year before Plaintiffs filed their complaint.  Moreover, courts in this circuit have refused to dismiss claims where plaintiffs adequately provide notice of the general time-period at issue.  *See e.g.*, *Baldain v. Am. Home Mortg. Servicing, Inc.*, No. 09-cv-0931-LKK (GGH), 2010 WL 56143, *4–5 (E.D. Cal. Jan. 5, 2010).

Here, the allegations suggest that Plaintiffs visited Defendant's website "within the statute of limitations period."  (FAC ¶ 17).  Reading the FAC with the required liberality, it does not appear that Plaintiffs alleged use of Defendant's chat function occurred over a year before the complaint was filed.  At a minimum, while the allegations do not conclusively demonstrate the applicability or non-applicability of the statute of limitations, Plaintiffs' allegations provide sufficient notice to Defendant that the statute of limitations may be at issue, and thereby allow Defendant to formulate an answer.  *See Baldain*, 2010 WL 56143 at *4–5; *see also Famolare, Inc. v. Edison Bros.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                    Date:  March 7, 2023
Title:     Jose Licea et al v. Cinmar, LLC

*Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981) (dates should be obtained through the discovery process).

C.     **Section 631(a) Claims**

1.  **Plaintiffs fail to plead a claim under the first clause of section 631(a).**

The first clause of section 631(a) provides that it is punishable by fine or imprisonment for "any person who by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any *telegraph* or *telephone* wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system[.]" (emphasis added).

Courts have consistently interpreted this clause as applying only to communications over telephones and not through the internet.  *See Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) (determining "the first clause of Section 631(a) concerns telephonic wiretapping specifically, which does not apply to the context of the internet"); *In re Google Assistant Priv. Litig.*, 457 F.Supp.3d 797, 825-26 (N.D. Cal. 2020) (reasoning that the first clause "expressly requires that the unauthorized connection be made with any telegraph or telephone wire, line, cable, or instrument.") (internal quotations omitted).

Plaintiffs argue that *In re Google Inc.* stands for the proposition that the first clause of section 631(a) applies to emails due to "California courts' approach [of] updating obsolete statutes in light of emerging technologies."  (Opposition at 19 (citing 2013 WL 5423918, at *21 (N.D. Cal. Sept. 26, 2013))).  Plaintiffs urge the Court to broadly interpret the first clause of section 631(a) as applying to smart phones and Wi-Fi-enabled laptops.

This argument has been uniformly rejected by numerous courts, including the *In re Google Inc.* court itself which was only applying the second clause of section 631(a)

CIVIL MINUTES—GENERAL                                        8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                    Date:  March 7, 2023
Title:       Jose Licea et al v. Cinmar, LLC

to email.  *Id.* at *20.  The *In re Google Inc.* court found the second clause applied to new technologies over the internet by comparing the inclusion of the limiting language "telegraphic or telephone" in the first clause to the absence of such limiting language in the second clause.  *Id.*  The court found that this construction meant the California "Legislature intended the two clauses to apply to different types of communications." *Id.*  Other courts have similarly interpreted the first clause as applying solely to telephonic communications.  *See Mastel v. Miniclip SA,* 549 F.Supp.3d 1129, 1135 (E.D. Cal. 2021) ("The court will therefore follow the overwhelming weight of authority requiring a plaintiff to plausibly allege that a defendant intentionally tapped or made an unauthorized connection with a telegraph or telephone wire, line, cable, or instrument to state a claim under § 631(a)'s first clause.") (internal quotations omitted); *Matera v. Google Inc.*, 2016 WL 8200619, at *18 (N.D. Cal. Aug. 12, 2016) (affirming interpretation of the first clause to solely telephonic communication); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d at 825-26; *Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022).  Here, the Court similarly determines that the first clause of Section 631(a) does not apply to communications over the internet.

Plaintiffs argue that a smart phone falls within the definition of telephone and utilizes "cellular towers, computer servers, and other electronic equipment comprised of 'wire[s], line[s], cable[s], or instrument[s]' to transmit both voice calls and computer data to their intended recipients."  (Opposition at 17).  However, a similar argument regarding the definition of an iPhone was rejected in *Mastel v. Miniclip*.  549 F. Supp. 3d at 1135.  In *Mastel*, the court determined that "[a]lthough iPhones contain the word "phone" in their name, and have the capability of performing telephonic functions, they are, in reality, small computers."  *Id.*  Here, the Court similarly declines to interpret the first clause as applying to smart phones which are wireless, despite their use of communication technologies which then are comprised of "wire[s], line[s], cable[s], or instrument[s]."

Plain interpretation and case law dictate that Plaintiffs' preferred interpretation is not consistent with the language of the first clause describing "*telephone* wires, lines, or cables" which refers to specific technology.  Cal. Penal Code § 631 (emphasis

_____

**CIVIL MINUTES—GENERAL**                                                        **9**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                    Date:  March 7, 2023
Title:      Jose Licea et al v. Cinmar, LLC

added); *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1071 (9th Cir. 2020) (California law of statutory interpretation "begins with the words themselves…because the words generally provide the most reliable indicator of [legislative] intent").

Plaintiffs argue that the California Legislature's failure to clarify that section 631(a) only applies to landline telephones supports an inference of "acquiescence in a broad interpretation of the 'telephone' term" to include smart phones and Wi-Fi-enabled devices.  (Opposition at 20).  The Court is not persuaded that there has been any such acquiescence.  The fact that the Legislature has had an opportunity to amend section 631(a) to take into account privacy issues raised by new technologies like internet messaging is indicative of its intent not to expand protections.  *See Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 191, 276 Cal.Rptr.3d 746 (2021) (finding the Legislature's intent was evidenced through their amendments in 1985, 1990, and 1992 to the statute "to take account of privacy issues raised by the increased use of cellular and cordless telephones").

Here, the Legislature amended the California Invasion of Privacy Act many times since it was enacted and have not redefined section 631 to apply to internet communications.  Cal. Penal Code §§ 632 (amended 2016), 633 (amended 2018), 633.5 (amended 2017), 633.6 (same), 633.8 (amended 2011), 636 (same), 637 (same), 637.2 (amended 2016).  The California Legislature amended section 631 itself in 1988, 1992, 2011 and 2022.  Cal. Penal Code § 631 (amended 2022, eff. Jan. 1, 2023).  The Legislature did not add protections for internet communications to the first clause of 631(a) in either 2011 or 2022.  The Court therefore rejects Plaintiffs' argument that because the Legislature had decades to clarify that 'telephone' was to be interpreted narrowly this warrants a reading that telephone applies to all telephones which then includes internet technologies.  Courts have consistently favored a narrow reading of the first clause which the Legislature could have rejected through clarifying amendment.  Plaintiffs are incorrect that the Legislature is required to define terms specifically to exclude the inclusion of new technologies as time passes.  The Legislature's narrow construction of the statute is evidence of its intent and the Court declines to expand protections and usurp the Legislature based on Plaintiffs' speculation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                    Date:  March 7, 2023
Title:       Jose Licea et al v. Cinmar, LLC

Because the Court determines that the first clause of section 631(a) does not apply to communications with a smart phone or Wi-Fi-enabled laptop, it need not address the issues of the direct party exemption or consent in relation to the first clause of section 631(a).

### 2.  Plaintiffs fail to plead a viable claim under the second clause of section 631(a).

#### a.  Consent

For purposes of Rule 12(b)(6), Plaintiffs sufficiently plead that they did not consent to the recording of their conversations with Defendant.  *See Yoon v. Lululemon USA, Inc.,* 549 F. Supp. 3d 1073 (C.D. Cal. 2021) (finding that plaintiffs pleading that stated she did not consent to recording was sufficiently pled to overcome a 12(b)(6) motion); *Javier v. Assurance IQ, LLC,* No. 21-16351, 2022 WL 1744107 (9th Cir. 2022) (finding that the plaintiff met his pleading burden where he alleged he did not give express prior consent).

#### b.  Party Exemption

Section 631 contains an exemption from liability for a person who was a "party" to a communication.  *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020) (citing *Warden v. Kahn*, 99 Cal. App. 3d 805, 160 Cal. Rptr. 471, 475 (1979) ("[S]ection 631 . . . has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation.").

California law is well settled that a party to the communication is not liable for recording their own conversation under section 631(a), however, a party may be held vicariously liable under the fourth clause of the section where it "aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things" prohibited in the previous three clauses.  Cal. Penal Code § 631.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                        Date:  March 7, 2023
Title:       Jose Licea et al v. Cinmar, LLC

In *Rogers v. Ulrich*, the defendant used a tape-recording device to record a conversation with the plaintiff without the plaintiff's knowledge or consent.  52 Cal. App. 3d 894, 897, Cal. Rptr 306 (1975).  The Court of Appeal found that the second clause of section 631(a) did not apply to participant recording.  In looking at the Legislature's intent in passing CIPA, the court noted "it speaks of preventing eavesdropping and other invasions of privacy, thus suggesting that participant recording was not meant to be included." *Id.* at 899.  The court reasoned that "it is never a secret to one party to a conversation that the other party is listening to the conversation; only a third party can listen secretly to a private conversation." *Id.*

Federal courts have routinely affirmed the holding in *Rogers* that a party cannot eavesdrop on its own conversation. *Saleh v. Nike*, 562 F.Supp.3d 503, 516 (C.D. Cal. 2021) ("Section 631(a) contains an exemption from liability for a person who is a "party" to a communication, where a party to a communication cannot be held to wiretap another party to the same communication"); *Javier v. Assurance IQ, LLC*, No. 20-CV-02860-CRB, 2023 WL 114225 at *4 (N.D. Cal. Jan. 5, 2023) (affirming that a party to a conversation cannot be held liable as an eavesdropper); *Graham v. Noom*, 533 F.Supp.3d 823, 831 (N.D. Cal. 2021) ("a party to a communication can record it (and is not eavesdropping when it does)"); *Revitch v. New Moosejaw, LLC*, No. 18-CV-06827-VC, 2019 WL 5485330 at *2 (N.D. Cal. Oct. 23, 2019) (noting that a defendant would not have violated section 631 if it had made a transcript of the conversation with plaintiff and then transmitted a copy to a third party because "sharing a record is not eavesdropping"); *Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 WL 17869275 at *2 (N.D. Cal. Dec. 22, 2022) ("Parties to a conversation cannot eavesdrop on their own conversation.…[defendant]'s liability is therefore based entirely on whether [the third party] violated Section 631(a)").

It is clear that Defendant was a party to the purported conversation with Plaintiffs and, as such, cannot be held liable under the second clause of section 631(a). However, Defendant can be held vicariously liable under the fourth clause if it assists a third party in violating the second clause of section 631(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-6454-MWF (JEM)                    **Date:** **March 7, 2023**
**Title:**       Jose Licea et al v. Cinmar, LLC

The Court must consider the "party exemption . . . in the technical context of this case." *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d at 607. In *Rogers v. Ulrich*, the party to the conversation who used a tape recorder to record the conversation did not violate section 631(a) under the party exemption. However, in *Ribas v. Clark*, where a defendant allowed her friend to listen in on a conversation with herself and her husband, the court found the friend's actions to be prohibited by CIPA which raised liability for the defendant. 38 Cal. 3d 355, 362, 212 Cal. Rptr. 143 (1985). The *Ribas* court determined that "a substantial distinction has been recognized between the secondhand repetition of the contents of a conversation and its simultaneous dissemination to an unannounced second auditor, whether that auditor be a person or mechanical device." *Id.* at 360-61.

Following the *Rogers* and *Ribas* distinction, Federal and California courts have been instructed to analyze whether the technology (or actor) behaves more akin to a tape recorder utilized by the party to the conversation or as an eavesdropper "press[ing] up against a door to listen to a conversation." *Revitch*, 2019 WL 5485330 at *2. While technology has developed over the years, the basic inquiry remains the same. In the software context, the court in *Javier* stated that "whether software providers . . . are third parties under California's eavesdropping statute, or mere tools used by websites, goes to the heart of the privacy concerns articulated in [s]ection 631 and California cases interpreting it." 2023 WL 114225 at *4.

Here, Plaintiff alleges that Defendant utilized third party software to "[intercept] and eavesdrop on such communications in real time in order to harvest data from those conversations for financial gain." (FAC at 1). Plaintiffs also assert that "Defendant . . . pays third parties to eavesdrop on the conversations" and then "Defendant and third parties then harvest data from the transcripts for financial gain." (*Id.* ¶ 9). Plaintiff alleges that "[t]o enable the eavesdropping, Defendant has paid substantial sums to at least one third party company to embed code into Defendant's website chat function that enables the third party to secretly intercept in real time, eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors." (*Id.* ¶ 11). Plaintiff also claims that the "third party publicly boasts of its ability to harvest valuable data from such communications for the benefit of its clients like

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-6454-MWF (JEM)                    **Date:** March 7, 2023
**Title:**     Jose Licea et al v. Cinmar, LLC

Defendant, which is one of the reasons that Defendant enabled, aided, abetted, conspired with, and paid it substantial funds for [its] eavesdropping services." (*Id.* ¶ 12).

Courts have determined that software like the alleged code employed by Defendant which intercepts in real time and stores transcripts is more akin to a tape recorder like the one used in *Rogers* than a friend against the door like in *Ribas*. For instance, in *Williams*, the court determined that the plaintiff's limited allegations that the defendant "deployed [the third party]'s recording software only on [defendant]'s websites and that the recordings were stored and accessed on [third party]'s servers" suggested that the third party's software was merely a tool used by defendant and did not suggest there was an independent third party hired to eavesdrop. 2022 WL 17869275 at *3. The court reasoned that there were no facts to suggest independent use of the allegedly collected data by the third party and that the "recordation is routine documentation and therefore clerical in nature which is qualitatively different than data mining." *Id.*

The allegations here of "intercept[ing] and eavesdrop[ping] on such communications in real time in order to harvest data from those conversations for financial gain" appear to involve two separate issues. First, there is the allegation of what the third party does *during* the conversation and second, what the third party does with the recorded transcripts *after* the conversation. During the conversation, when the third party was purportedly recording and storing the transcript, the third party appears to be operating like a tape recorder. When a party captures and stores data, courts have found that they operate like an extension of the defendant (i.e. a tape recorder). *Williams*, 2022 WL 17869275 at *4 ("the fact that [defendant] used software rather than a physical recording device for the same function does not mean that it aided and abetted wiretapping"); *Graham v. Noom, Inc.*, 533 F. Supp. 3d at 833 (determining a third party software company was not liable where it captured and stored its client's information). This is what appears to be alleged here.

After the conversation, Plaintiffs allege that the "third party publicly boasts of its ability to harvest valuable data from such communications ***for the benefit of its***

CIVIL MINUTES—GENERAL                                                                14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                    Date:  March 7, 2023
Title:      Jose Licea et al v. Cinmar, LLC

*clients*," and "[d]efendant ***and*** third parties then harvest data…for financial gain."
(FAC ¶ 9, 12) (emphasis added).  The alleged use of the data by the third party
therefore does not appear to be independent.  The pleadings, taken as true at this stage,
nowhere suggest that the third party has the ability to use the information
independently.  The bare allegations only suggest that the third party analyzed or used
the data on behalf of or in tangent with Defendant.

These allegations are materially different than the defendants in *In re Facebook,
Inc.* and *Revitch* where the third party captured data and then used the data for its own
benefit by reselling the aggregated data.  *See In re Facebook,* 956 F.3d at 601; *Revitch,*
2019 WL 5485330 at *2 (N.D. Cal. Oct. 23, 2019).  Instead, Plaintiffs' allegations
suggest a situation more akin to *Graham*, where the court found that a third party was
not an eavesdropper where their software collected clients' data, kept the data on its
servers, and allowed clients to analyze their data.  *Graham v. Noom, Inc.*, 533 F. Supp.
3d at 833 ("unlike NaviStone's and Facebook's aggregation of data for resale, there are
no allegations here that [the third party] intercepted and used the data itself.").
Because Plaintiffs' allegations suggest that the unnamed third party is more similar to
the software provider in *Graham* than in *In re Facebook* or *Revitch*, *Graham* holds
more persuasive value.

Accordingly, Defendant is entitled to the party exemption applied to the second
clause of section 631(a), as Plaintiffs fail to plead that the unnamed third party acted
sufficiently independent from Defendant as to constitute an unannounced auditor under
California law.

### c.  Interception

The second clause of section 631(a) requires that messages be intercepted while
in transit.  *See Mastel v. Miniclip SA,* 549 F. Supp. 3d at 1135 ("the second clause only
imputes liability when the defendant reads, or attempts to read, a communication that is
<u>in transit</u> or <u>passing</u> over any wire, line, or cable, <u>or is being sent from, or received</u> at
any place within California") (internal quotations omitted) (emphasis in original).
Because the federal Wiretap Act (18 U.S.C. § 2511(1)(a)) also requires messages be
intercepted while in transit, courts have looked at cases analyzing the Wiretap Act as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                    Date:  March 7, 2023
Title:        Jose Licea et al v. Cinmar, LLC

informative of section 631(a).  *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 876 (9th Cir. 2002) (interpreting the in transit language of the Wiretap Act as requiring interception during the communication's transmission and not during electronic storage); *NovelPoster v. Javitch Canfield Grp.*, 140 F.Supp.3d 938, 954 (N.D. Cal. 2014) (applying *Konop*'s analysis of the Wiretap Act to a CIPA claim).  Courts in the Ninth Circuit have interpreted the in transit requirement narrowly.  *See* Bunnell v. Motion Picture Ass'n of Am., 567 F.Supp.2d 1148, 1152 (C.D. Cal. 2007) ("Even if the storage phase is transitory and lasts only a few seconds, it is still considered electronic storage").

Plaintiffs urge this Court to follow *Campbell v. Facebook Inc.* which they quote for the proposition that "the complaint's allegation that users' messages were intercepted in transit is to be taken as true at this stage of the case."  (Opposition at 28 (citing 77 F. Supp. 3d 836, 848 (N.D. Cal. 2014))).  However, the *Campbell* plaintiffs alleged far more details about the purported interception than Plaintiffs do here.  *Id*. at 839 ("[plaintiffs] allege that Facebook scans the content of their private messages, and if there is a link to a web page contained in that message, Facebook treats it as a "like" of the page, and increases the page's "like" counter by one").  This allegation contains sufficient detail to support an inference of in transit interception, whereas Plaintiffs' allegations that "the third party…secretly intercept[s] in real time, eavesdrop[s] upon, and store[s] transcripts" is conclusory and does not allege specific facts as to how or when the interception takes place, which has been found to fall short of stating a plausible claim under section 631(a).

Courts have found that similarly conclusory allegations fail to support a claim under section 631(a).  *See Rosenow v. Facebook, Inc.*, No. 19-CV-1297-WQH-MDD, 2020 WL 1984062 (S.D. Cal. Apr. 27, 2020) (dismissing plaintiffs' Wiretap Act claims for failing to allege sufficient facts about interception).  Plaintiffs attempt to distinguish *Rosenow* on the grounds that the *Rosenow* plaintiff "made a judicial admission" that suggested the communications were accessed in storage.  The Court does not agree with Plaintiffs' argument.  The *Rosenow* plaintiff alleged that "[defendant] knowingly used an algorithm to intercept and scan [p]laintiff's incoming chat messages for content during transit and before placing them in electronic storage." *Id.* at *7.  The allegation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                           Date:  March 7, 2023
Title:       Jose Licea et al v. Cinmar, LLC

in *Rosenow* contained greater detail about the purported interception than Plaintiffs include in their FAC.  And still, the *Rosenow* court held that "[plaintiff] fails to allege facts that support an inference that [defendant] 'captured or redirected' the contents of [plaintiff]'s communications while in transit."  *Id.*

Similarly, in *Rodriguez v. Google LLC*, the court found that the plaintiff failed to allege sufficient allegations where "[p]laintiffs reference an 'open line of communication,' and 'real-time ad bidding' in support of [their] theory, but neither describes how Google actually intercepts data in real time."  No. 20-CV-04688-RS, 2022 WL 214552 at *1 (N.D. Cal. Jan. 25, 2022).  The court found that "using the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible [defendant] is intercepting their data in transit."  Plaintiffs similarly do not allege specific facts in regard to the unnamed third party's purported interception.

Plaintiffs allege that "Defendant…automatically records and creates transcripts of all such private conversations."  (FAC ¶ 11).  Bare allegations of recording and creating transcripts do not specifically allege that Plaintiffs' messages were intercepted while in transit.  The timeline of the automatic recording and transcription is unclear, as it could occur during transit or it can take place after receipt of the message in defendant's inbox.  Plaintiffs do not sufficiently allege how the messages were intercepted, and thereby do not provide fair notice to Defendant of their alleged violation.  *See In re Vizio, Inc., Consumer Priv. Litig.,* 238 F. Supp. 3d 1204 (C.D. Cal. 2017) ("While [p]laintiffs need not prove their theory of interception on a motion to dismiss, [p]laintiffs must provide fair notice to [d]efendants of when they believe [defendant] intercepts their communication.  A written explanation of [p]laintiffs' theory is…important").  Here, Plaintiffs do not allege sufficient facts as to how and when the third party receives the communications.  Plaintiffs must provide more than conclusory allegations that messages were "intercepted in real time."

Plaintiffs raise multiple "Session Replay" cases as analogous to their pleading and as support for their interception argument.  (Opposition at 28).  However, Plaintiffs do not plead that their interactions with Defendant used "Session Replay" technology,

CIVIL MINUTES—GENERAL                                                   17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                    Date:  March 7, 2023
Title:      Jose Licea et al v. Cinmar, LLC

only that there was code that allowed interception, eavesdropping, and transcribing. (FAC ¶ 11).  "Session Replay" technology "embeds snippets of code that watch and record, in real time, 'a visitor's every move on a website.'"  *Saleh v. Nike*, 562 F. Supp. 3d 503, 509 (C.D. Cal. 2021).  "Session Replay" technology goes beyond monitoring of conversations and creating "transcripts" and instead collects and records all interactions with a website.  Plaintiffs' pleadings do not allege this type or level of data collection and instead focus on "transcripts" from "conversation" and "communication" with Defendant's chatbox.  (FAC ¶¶ 8, 9, 11, 12, 14, 16, 18, 20, 22, 23).  Further, Plaintiffs allege that "visitors often share highly sensitive personal data" which reinforces that Plaintiffs are alleging that Defendant violated section 631(a) through recording a transcript of visitor's conversation and not the entirety of a visitor's interaction with Defendant's website.  Plaintiffs cannot add facts in their Opposition that were not pleaded.  For this reason, the Court finds Plaintiffs' arguments regarding "Session Replay" and automatic routing software to be unpersuasive.

Plaintiffs do not adequately plead that Defendant or the unnamed third party intercepted Plaintiffs' messages in transit.  Because Plaintiffs' allegations suggest that Defendant is entitled to the party exemption and because Plaintiffs do not adequately allege that their conversations were intercepted in transit, Plaintiffs' claims under the second clause of section 631(a) fail.

Accordingly, the Motion is **GRANTED** with respect to Plaintiffs' section 631 claims.

### D.    Section 632.7 claim

Plaintiffs allege that Defendant recorded Plaintiffs' written communication in violation of California Penal Code section 632.7.  (FAC ¶¶ 33–35).  Defendant argues that section 632.7 does not apply to internet communications.  (Motion at 18–19).

Under California law, statutory interpretation "begins with the words themselves… because the words generally provide the most reliable indicator of [legislative] intent."  *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1071 (9th Cir. 2020).

---

**CIVIL MINUTES—GENERAL**                                                          18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                    Date:  March 7, 2023
Title:      Jose Licea et al v. Cinmar, LLC

"[I]f there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs."  *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1103, 56 Cal.Rptr.3d 880 (2007).  Under Section 632.7,

> [e]very person who, without the consent of all parties to a communication, intercepts or receives and intentionally records ... a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, shall be [guilty of a crime.]

Cal. Penal Code § 632.7(a).

Plaintiffs urge this Court to interpret "landline telephone" as inclusive of computer equipment.  (Opposition at 35–36).  Plaintiffs argue that a broad interpretation of the types of technology covered under section 632.7(a) is appropriate because the Legislature defined the term "communication" in section 632.7(c)(3) to include data transmissions.  *Id.*  The Court disagrees that such an interpretation is appropriate.

In answering questions of state law, the Court is bound by the decisions of the California Supreme Court.  When the California Supreme Court has not spoken on a particular issue, the Court must determine what result the Supreme Court would reach based on state appellate court opinions, statutes, and treatises.  *Vernon v. City of L.A.*, 27 F.3d 1385, 1391 (9th Cir. 1994) (citing cases).

A recent decision of the California Court of Appeal supports a plain-language reading of section 632.7 to include the requirement that only the types of phones listed in the statute are included.

In *Hataishi v. First American Home Buyers Protection Corp.*, the court of appeal affirmed the trial court's denial of class certification in a class action alleging surreptitious recording of confidential communications in violation of § 632 of the California Penal Code.  223 Cal. App. 4th 1454, 168 Cal. Rptr. 3d 262 (2014).  The

CIVIL MINUTES—GENERAL                                        19

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                    Date:  March 7, 2023
Title:       Jose Licea et al v. Cinmar, LLC

trial court had ruled that individual factual questions predominated, which defeated class certification.  *Id.* at 1468. The plaintiff, on appeal, argued that amendment of the complaint to add a claim under § 632.7 would ameliorate the need for individualized proof, since there is no need to determine, for purposes of § 632.7, the content of each communication or each class member's expectation of confidentiality.  *Id.* at 1468–69. The court of appeal rejected this argument reasoning, among other arguments, that individualized proof is required under § 632.7 to "determine what type of *telephone* was used to receive the subject call."  *Id.* (emphasis added).

The plain text of section 632.7 suggests that an exclusive list of five types of calls are included: a communication transmitted between (1) two cellular radio telephones, (2) a cellular radio telephone and a landline telephone, (3) two cordless telephones, (4) a cordless telephone and a landline telephone, or (5) a cordless telephone and a cellular radio telephone.  According to this list, a communication covered by section 632.7 must have a cellular radio or cordless telephone on one side, and a cellular radio, cordless, or landline telephone on the other side.

The Legislature defined a cellular radio telephone and a cordless phone.  It did not define a landline telephone.  However, the statute only references "frequency bandwidth reserved for cellular radio telephones," "frequency bandwidths reserved for cordless telephones," and "public switched telephone network" which suggests the Legislature intended only to include communications through telephone technology. Further, the inclusion of a broad definition of communication (which "includes, but is not limited to, communications transmitted by voice, data, or image, including facsimile") does not support Plaintiffs' conclusion that the Legislature meant to include new and emerging technologies, but rather that it meant to protect a broad range of information transmitted over telephone technology.  Cal. Penal Code § 631.

Because the statute is unambiguous, it is not necessary for this Court to look to the legislative history.  However, as Defendant points out, the legislative history confirms the plain reading of the statute which does not extend protection to communications over the internet.  (Motion at 18–20.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                    Date:  March 7, 2023
Title:      Jose Licea et al v. Cinmar, LLC

The Legislature's intent to leave the coverage of section 632.7 to
communications made over telephones is indicated by the fact that the Legislature has
amended CIPA many times without altering the list.  *See, e.g.,* Cal. Penal Code §§ 632
(amended 2016), 633 (amended 2018), 633.5 (amended 2017), 633.6 (same), 633.8
(amended 2011), 636 (same), 637 (same), 637.2 (amended 2016).  Notably, the
Legislature amended section 632.7 in June 2022 but did not include internet or web
communications in its scope.  Cal. Legis. Serv. Ch. 27 (S.B. 1272) (amending section
632.7 which took effect January 1, 2023).  In fact, the amendments added an
exemption from liability for "telephone companies," further indicating that this statute
is limited to telephone communications.

The Court determines that section 632.7 only applies to the five types of calls
enumerated above.  Plaintiffs do not adequately allege a claim under section 632.7
because their pleadings do not allege they communicated with Defendant using
telephone technology.

Plaintiffs allege they accessed Defendant's chat feature using "either a smart
phone (a cellular telephone with an integrated computer and an operating system that
enables web browsing) or a Wi-Fi-enabled laptop that uses a combination of cellular
and landline telephony."  (FAC ¶ 17).  Even assuming Plaintiffs used a smart phone in
their conversation with Defendant, the Court agrees with the reasoning in *Mastel v.
MiniClip* that "although iPhones contain the word 'phone' in their name," Plaintiff was
using "a feature of the portion of the iPhone that functions as a computer, not the
phone." 549 F.Supp.3d at 1135.  Plaintiffs here were similarly using the function of
their smart phone that operates like a computer which falls outside of the scope of
section 632.7.  Additionally, assuming Plaintiffs used a Wi-Fi-enabled laptop,
Plaintiffs conclusory pleadings that such a laptop utilized "a combination of cellular
and landline telephony" also does not require a determination that it falls under the
scope of section 632.7.  Finally, Plaintiffs fail to plausibly allege that Defendant used
any type of telephone technology at all.

The Court determines that section 632.7 was intended to apply to a narrow set of
communication over telephone technology.  Plaintiffs' allegation that they used a smart

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6454-MWF (JEM)                    Date:  March 7, 2023
Title:      Jose Licea et al v. Cinmar, LLC

phone or a Wi-Fi-enabled laptop does not meet this standard.  Plaintiffs' claim under
section 632.7 therefore must fail.

    Accordingly, the Motion is **GRANTED** as to Plaintiffs' section 632.7 claim.

### E.      Leave to Amend

    Rule 15 requires that leave to amend "be freely given when justice so requires."
Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality."
*Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The
Supreme Court identified five factors a court should consider when deciding whether
to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing
party, (4) futility of amendment, and (5) whether the plaintiff has previously amended
its complaint.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

    At the hearing, Defendant argued that amendment of Plaintiffs' section 631(a)
claim would be futile because Plaintiffs will not be able to allege that their chats with
Defendant were disrupted and intercepted in transit.  The Court has doubts that
Plaintiffs will be able to overcome this argument, however it seems at least possible
that Plaintiffs could allege additional facts that suggest that their communications were
intercepted in transit.  Similarly, Plaintiffs may be able to allege additional facts that
suggest that the party exemption does not apply to Defendant.  Accordingly, the
Motion is **GRANTED** *with leave to amend* as to Plaintiffs' section 631(a) claim.

    However, because Plaintiffs cannot amend the FAC to allege that
communication through a website chat feature is between two telephones, the Motion
is **GRANTED** *without leave to amend* as to Plaintiffs' section 632.7 claim.

    Plaintiffs are granted one final opportunity to amend their section 631(a) claim.
Plaintiffs must file any Second Amended Complaint no later than **April 3, 2023**.
Failure to file a Second Amended Complaint will result in dismissal of the action with
prejudice.

    IT IS SO ORDERED.